LAWRENCE D. MILLER SB# 77448
Attorney At Law
1200 Sixth Avenue, Suite 300
Belmont, CA 94002

Telephone: (650) 592-9151

Attorney for Creditor, Mike Rosen

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>    RICHARD CHIU,<br>        Debtor.<br>_____<br>MIKE ROSEN,<br>        Plaintiff,<br>    v.<br>RICHARD CHIU, aka RICHARD YUK LUM CHIU,<br>        Defendant. | Case No. 13-43677<br><br>Chapter 7<br><br>Adv. Pro. No. 13-042-5<br><br>FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE UNDER § 727(a)(2)(A) § 727(a)(3)(A), 727(a)(4)(A), 727(a)(4)(D) |

Plaintiff, MIKE ROSEN, (hereafter "Plaintiff") complain of Defendant, RICHARD CHIU, aka RICHARD YUK LUM CHIU, (hereafter "Defendant," and alleges as follows:

I. JURISDICTION AND VENUE

1. The debtor filed his Voluntary Petition under Chapter 7 of the U.S. Bankruptcy Code in the herein-above court on or about July 27, 2013.

2. This court has jurisdiction over this adversary proceeding under the provisions of Title 28 U.S.C. § 1334. This adversary proceeding is brought pursuant to § 727(a)(2)(A), § 727(a)(2)(B), § 727(a)(3), 727(a)(4)(A), § 727(a)(4)(D) and Bankruptcy Rule 7001(6). This is a core proceeding pending under 28 U.S.C. § 157(b)(2)(I) and (J). This adversary proceeding relates to the case of *In re*

*Richard Chiu*, Case No. 13-43677, Chapter 7, pending in the United States Bankruptcy Court for the Northern District of California, San Francisco. The transactions, matter and occurrences hereinafter alleged all occurred, in whole, or in part in the Northern District of California, rendering this court, the proper venue for this action.

## II. ALLEGATIONS COMMON TO ALL COUNTS

3. Plaintiff MIKE ROSEN, is, and at all times herein mentioned, is an individual.

4. Judgment was entered against defendant in that certain state court action filed in the County of Alameda, State of California, entitled *Spondulix Company Inc. v. Texas Development Inc., et al.,* bearing Alameda Superior Court Case No. RG-10-501557 on July 31, 2012. The amount due on said judgment, as entered, was $872,304.95. A true and correct copy of said judgment is attached hereto as Exhibit "A."

5. Spondulix later assigned the judgment to plaintiff by way of Notice of Assignment filed in the San Mateo Superior Court, a true and correct copy of which is attached hereto as Exhibit "B" and plaintiff is the holder of said judgment.

6. Plaintiff believes, and based thereon alleges, that Defendant is a Real Estate Developer, Real Estate Broker, Real Estate Appraiser and experienced restaurateur with professional and special knowledge regarding these trades and professions.

7. Plaintiff believes, and based thereon alleges, that despite having special knowledge in the appraisal of real property, debtor knowingly and fraudulently and with intent to hinder, delay and defraud his creditors has severely undervalued real property that he owns on his bankruptcy schedules.

8. Plaintiff believes, and hereby alleges, that despite having such special knowledge debtor has knowingly and fraudulently and with intent to hinder, delay and defraud his creditors, has severely undervalued his interests and income in numerous business, including but not limited to, two well established restaurants.

9. Plaintiff believes, and based thereon alleges, that in order to hinder, delay and defraud his creditors debtor has knowingly and fraudulently used his special knowledge in Real Estate transactions to record or cause to have been recorded false records attempting to show an encumbrance against the value of real property that he owns for more than is true.

10. As a result of the above, defendant's schedules are rife with inconsistencies and evasive answers intended to conceal his true assets.

## FIRST CLAIM FOR RELIEF

(DENIAL OF DISCHARGE -FRAUDULENT TRANSFER, 11 U.S.C. § 727(a)(2)(A))

11. Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 10, inclusive, of this Complaint as if each of those allegations were fully restated and set forth herein below.

12. The Defendant has knowingly and fraudulently, with the intent to hinder, delay, or defraud Defendant's creditors, including Plaintiff, or an officer of the estate, including the trustee, has concealed , transferred or disposed within one year before the filing of the petition, assets including, but not limited to, the following:

Defendant's interests in those certain business's identified as:

1) Chefs Wok restaurant located at 1821 Webster St Alameda, California; and

2) Hong Kong Chef restaurant located at 46356 Warm Springs Blvd., Fremont, California 94539;

13. The Defendant with the intent to hinder, delay, or defraud Defendant's creditors, including Plaintiff, or an officer of the estate, including the trustee, has transferred., removed, concealed, or has permitted to be transferred assets belonging to Chefs Wok restaurant or concealed property of the Debtor, within one year before the filing of the petition.,

14. The Defendant with the intent to hinder, delay, or defraud Defendant's creditors, including Plaintiff, or an officer of the estate, including the trustee, has transferred., removed, concealed, or has permitted to be transferred assets belonging to Hong Kong Chef restaurant or concealed property of the Debtor, within one year before the filing of the petition.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

(DENIAL OF DISCHARGE – FALSIFIED RECORDS, 11 U.S.C. § 727 (a)(3))

Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 14, inclusive, as if fully set forth herein below.

15. The debtor has concealed, destroyed, falsified, or failed to keep and/or preserve any recorded information, including books, documents, records, and papers from which the debtor's financial condition and/or business transactions might be ascertained, for those businesses and entities owned and/or controlled by the debtor, including, but not limited to the following: Chefs Wok Restaurant and Hong Kong Chef Restaurant, all without justification under all the circumstances of the case.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (DENIAL OF DISCHARGE – FALSE ACCOUNT, 11 U.S.C. § 727 (a)(4)(A))

Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if fully set forth herein below.

16. The debtor knowingly and fraudulently in this case made a false oath or account in that the debtor failed to properly disclose on debtor's Bankruptcy Schedules A and B the real properties and other assets of the debtor owned and controlled by the debtor in the names of various corporate entities and limited liability companies, including but not limited to, the properties described above, which are referred to and incorporated herein as though set forth in full.

17. In addition, the following described entities are wholly or partially owned and/or controlled by the debtor and the debtor, by and through said entities, wholly or partially own, the real properties described herein and as those assets listed on the debtor's schedules A, the debtor undervalued the debtor's interest in the assets, including, but not limited to the following assets:

Chefs Wok Restaurant

Hong Kong Chef Restaurant

Real Property identified as: 1 Winant Way, Alameda, California 94502

18. The debtor knowingly and fraudulently in this case made a false oath or account in that the debtor knowingly and intentionally failed to properly disclose on the debtor's Bankruptcy Statement of Financial Affairs, the debtor's interest in the corporations and limited liability companies described above.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

/ / / / /

## FOURTH CLAIM FOR RELIEF

(DENIAL OF DISCHARGE – WITHHELD RECORDS, 11 U.S.C. § 727 (a)(4)(D))

Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, as if fully set forth herein below.

19. The debtor knowingly and fraudulently in this case withheld from the trustee of the estate entitled to possession under this title, recorded information, including books, documents, records, and papers, relating to the debtor's property and/or financial affairs, including, but not limited to the entities listed in the First, Second and Third Claims for Relief, which lists are referred to and incorporated herein as though set forth in full.

WHEREFORE, Plaintiffs pray:

AS TO THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF:

1. That the discharge for Defendant be denied;

AS ALL CLAIMS FOR RELIEF

2. For such other and further relief as is just and proper

Dated: October 11, 2013  /s/ Lawrence D. Miller
LAWRENCE D. MILLER
Attorney for Creditor Mike Rosen